UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY LYNN ARMES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 1:23-cv-00905-SCR<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401, *et seq*. For the reasons that follow, Plaintiff's motion for summary judgment will be denied and the Commissioner's cross-motion for summary judgment will be granted.

**I. BACKGROUND**

Plaintiff applied for DIB on March 18, 2021. ECF No. 11-1, Administrative Record ("AR") 205-06. Plaintiff alleged the disability onset date was May 25, 2020, at which point she was 60 years old. AR 18, 306. The applications were disapproved initially (AR 113), and on reconsideration (AR 119).

////

1

On June 23, 2022, administrative law judge ("ALJ") Joseph Doyle presided over a telephonic hearing on Plaintiff's challenge to the disapprovals. AR 32-56 (transcript). Plaintiff testified at the hearing and was questioned by both the ALJ and her own counsel. A Vocational Expert ("VE") also testified.

On July 5, 2022, the ALJ issued a decision finding plaintiff "not disabled" under Sections 216(i) and 223(d) of the Act. AR 12-27 (decision). The Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on June 15, 2023. ECF No. 1. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 12 (Plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion), 17 (Plaintiff's reply). This action was reassigned to the undersigned on August 6, 2024.

## II. STANDARDS OF REVIEW

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive[.]'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Substantial evidence "means—and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation and citation omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the

evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss.").

The court will not reverse an erroneous decision if the error was harmless. In this context, an error is harmless only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### III.  RELEVANT LAW

A claimant is "disabled" if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

////

process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id*., §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n. 5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## IV. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant meets the insured status requirements of the Social Security Act through December 31, 2025 (AR 18).
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since May 25, 2020, the alleged onset date (AR 18).

4

3. [Step 2] The claimant has the following severe impairments: congestive heart failure and atrial paroxysmal fibrillation; degenerative joint disease of the left knee; and obesity (AR 18).

4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 19).

5. [Preparation for Step 4] That the claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: the claimant is limited to occasional climbing ladders, ropes, or scaffolds, climbing ramps or stairs, stooping, kneeling, crouching, crawling, or engaging in balance on uneven surfaces. The claimant is limited to only occasional exposure to extreme cold, occasional exposure to concentrated airborne irritants, such as fumes, odors, dusts, gases, and poorly ventilated areas, and occasional exposure to hazards, defined as work with machinery having moving mechanical parts, use of commercial vehicles, and exposure to unprotected heights (AR 20-21).

6. [Step 4] The claimant is able to perform past relevant work as prescription clerk and optical technician, as this this work does not require the performance of work-related activities precluded by the claimant's RFC (AR 26).

7. The claimant has not been under a disability, as defined in the Social Security Act, from May 25, 2020 through the date of the ALJ's decision (AR 27).

## V. ANALYSIS

Plaintiff alleges that the ALJ committed reversible error by failing to: (1) include Plaintiff's combination of impairments in her RFC; (2) evaluate medical source opinions under the consistency and supportability standards; (3) provide evidence to support the finding that Plaintiff could engage in past relevant work; and (4) provide clear and convincing reasons to disregard Plaintiff's statements about the severity of her symptoms. As Plaintiff argues generally, "[t]he heart of this case is whether Ms. Ames could return to her past work as an optician given he[r] medical condition," because her past work requires use of a screwdriver "to tighten eyeglasses, walk at a competitive pace," and "enter data" into a computer.

A. Plaintiff's Combination of Impairments and the ALJ's RFC Determination

Plaintiff argues that the ALJ should have specifically addressed her osteoarthritis and arthropathy in her left knee, her history of atrial fibrillation with congestive heart failure, and her

5

limitations with regard to "fine manipulations" in determining her RFC. ECF No. 12 at 10-13. The ALJ did in fact expressly acknowledge Plaintiff's osteoarthritis/arthropathy and atrial fibrillation/congestive heart failure in discussing Plaintiff's RFC. AR 21, 23. While the ALJ did not expressly mention Plaintiff's left-hand and finger complaints in the discussion of RFC, the ALJ did elsewhere explain why he discounted those complaints: "the undersigned notes she presented with full extremity range of motion and 5/5 upper extremity strength in 2020, as well as similarly intact left upper extremity findings during her consultative examination in 2021 aside from slight pain over the base of the thumb metacarpal on the left side []. Given her generally normal findings and lack of ongoing treatment for worsening hand complaints, the undersigned found this impairment to also be non-severe." AR 19. There is accordingly no serious argument to be made that the ALJ ignored these impairments.

Plaintiff simply disagrees with the ALJ's determination that she can perform "light work" with other designated limitations. But except by referring to the specific conditions discussed in the paragraph above, Plaintiff does not explain how or why the combination of Plaintiff's impairments compel the conclusion that she could not, from May 25, 2020 to July 5, 2022, have performed light work with other limitations. As Defendant correctly points out, the ALJ's RFC finding is supported by ample record evidence that meets the substantial evidence standard. ECF 15 at 4-8.

B. Medical Source Opinions and the Consistency and Supportability Standard

Plaintiff argues that the ALJ failed to apply the consistency and supportability standard in discounting the opinions of Dr. Swe Than, Plaintiff's primary care provider. ECF No. 12 at 13-16. An ALJ must evaluate the persuasiveness of medical source opinions by considering prescribed enumerated factors. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5). The "most important factors" are consistency and supportability. *Id*. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2) ("[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be"); 404.1520c(c)(1),

6

1  416.920c(c)(1) ("[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion(s) . . . will be").

The ALJ found Dr. Than's evaluation not supportable because it "was provided in checklist-style format with minimal objective findings or rationale to support the limitations" and the "accompanying treatment notes document repeatedly normal findings in 2021, which are not supportive of his exertional or postural limitations[.]" AR 25. The ALJ found "the remaining evidence of record" to be "inconsistent with Dr. Than's assessment. For example, as discussed above, the claimant presented with generally intact musculoskeletal findings, full strength, and normal gait during office visits and during her consultative examination." *Id*.

Plaintiff does not meaningfully develop an argument to undermine these findings. For example, Plaintiff notes that "the regulations do not prohibit the use of check lists in an evaluation." ECF No. 12 at 15. True, but nothing in the regulations or case law prevent an ALJ from discrediting checklist-style findings, particularly when not otherwise explained by the provider making those findings. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("An ALJ is not required to take medical opinions at face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion."). Plaintiff also notes that "Dr. Than's clinical notes are part of the record" and "his reference to the clinical findings would reasonably be sufficient." *Id*. But Plaintiff here does not state what those clinical findings are or why the ALJ would have to credit them, as against other record evidence. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Plaintiff also argues that the ALJ improperly discounted Dr. Than's evaluation because the ALJ did not specifically address each of Plaintiff's "three different problems" ("cardiological, gastrointestinal[,] and neurological") in that section of the decision. ECF No. 12 at 15. As Plaintiff notes, Plaintiff is "still considered obese[,]" "[h]er heart continues to race dangerously, and pain medication continues to work on and off." *Id*. However, the ALJ considered all of these

7

phenomena in the context of evaluating Plaintiff's RFC and finding that she could do only light work with other limitations. The ALJ was not required to uniquely describe these conditions in the context of providing other, specific reasons for discounting her treating physician's opinion. Substantial evidence supported the ALJ's decision not to follow the limitations that Dr. Than would have imposed on Plaintiff.

### C. Past Relevant Work

Plaintiff also argues that the ALJ "has not explained how Ms. Armes could return to her past job with documented limitation in her hands and wrists." ECF No. 16 at 18. However, Plaintiff does not offer meaningful support for this argument, and instead recites general legal principles and quotes a portion of the Dictionary of Occupational Title without a citation.[1] Defendant did not specifically address this issue in his cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. Plaintiff asserts that this means "the Commissioner concedes the ALJ did not provide a rationale for finding past relevant work." ECF No. 17 at 5.

Defendant—while strongly opposing Plaintiff's motion for summary judgment in other respects—did not specifically address Plaintiff's argument about past work.[2] Although it appears Defendant views this as a derivative argument, it would have been helpful for Defendant to offer further explanation. Failure to oppose an issue squarely presented in a motion may be construed as a concession. *See, e.g., GN Resound A/S v. Callpod, Inc.*, 2013 WL 1190651, *5 (N.D. Cal. 2013) (plaintiff's failure to oppose a motion to strike as to a particular issue "construe[d] as a concession that this claim element [is] not satisf[ied]"); *Hall v. Mortg. Investors Grp.*, 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants' arguments regarding the

---

[1] Plaintiff makes a further attempt at a substantive argument in her reply brief: that the ALJ should have applied the "grids" and that "[i]t is reasonable to assume Ms. Armes is disabled using the 'grids.'" ECF No. 17 at 6. Plaintiff provides no specific citation to any authority here and this passing reference to the Medical-Vocational Guidelines does not present a clear argument for review.. Regardless, the Court will not address a substantive argument made for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

[2] Defendant in a footnote indicated that the step four argument was "merely a restatement of her other arguments." ECF No. 15 at 2 n.1.

8

statute of limitations in his Opposition [to a motion to dismiss]. Plaintiff's failure to oppose ... on this basis serves as a concession[.]"). Despite Defendant's relative silence on this point, a review of the record shows that the ALJ did explain the past work determination and that decision was supported by substantial evidence. The VE testified at Plaintiff's hearing that someone with Plaintiff's RFC could perform her past relevant work as a prescription clerk and optical technician, "as both actually performed by the claimant and as generally performed in the national economy." AR 27. Plaintiff's counsel did not cross examine the VE on this point. AR 55.

Plaintiff's argument is effectively that someone with severe hand and wrist limitations could not perform the occupations of prescription clerk and optical technician. What this argument ignores is that the ALJ did not find Plaintiff had severe impairments of her hands and wrists (AR 19), and upon considering Plaintiff's arthritis of the left-hand, the ALJ did not find it to cause manipulative limitations in the RFC (AR 20-21). Plaintiff relies on the fingering and handling limitations of Dr. Than (AR 1041), and contends she cannot use a screwdriver, but the ALJ found Dr. Than's opinion unpersuasive. In substance, Plaintiff "simply restates her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony and the testimony of medical experts." *Stubbs-Danielson v. Astrue*, 539 F.3rd 1169, 1175-76 (9th Cir. 2008). But as discussed herein, "the ALJ did not" improperly discount her testimony and the testimony of Dr. Than. *See id*. at 1176.

Plaintiff is correct that the ALJ did not specifically discuss potential limitations on her ability to use her hands and wrists at this stage of the analysis, but that is because those had been resolved in formulating the RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (hypothetical to VE is only required to include "all of the limitations that the ALJ found credible and supported by substantial evidence in the record."). The ALJ elsewhere found Plaintiff's left-hand impairments to be non-severe at step two. AR 19. Moreover, Plaintiff does not point to record evidence of current limitations with respect to her right hand. *Cf. Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) ("The burden of proof is on the claimant at steps one through four[.]"). Substantial evidence supported the ALJ's past work determination.
////

D.  <u>Clear and Convincing Reasons to Discount Subjective Statements</u>

Plaintiff finally makes a cursory argument that the ALJ failed to provide clear and convincing reasons for not crediting Plaintiff's description of the severity of her limitations. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process: First the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged…. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the asserted pain or fatigue itself is not required. *Id.* (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." *Id.* (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In weighing a claimant's credibility, an ALJ may consider, among other things, inconsistencies either in the claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Id.* at 959.

The ALJ identified numerous inconsistencies between Plaintiff's subjective testimony and the medical record evidence. AR 19-26. The ALJ discussed that ablation treatment in 2020 led to improved cardiac condition and "according to her cardiologist, she was completely asymptomatic and stable from a cardiac standpoint." AR 22, 343. The ALJ observed that treatment notes from 2019 and 2020 showed good pain control from tramadol without significant

side effects. AR 22, 476. The ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits"); *Jones v. Comm'r of Soc. Sec. Admin.*, 2023 WL 346824, at *10–11 (E.D. Cal. Jan. 20, 2023) ("the Ninth Circuit has provided that contradiction between the claimant's testimony and the relevant medical evidence is a sufficient basis for an adverse" finding regarding the subjective evidence). Plaintiff offers no persuasive rebuttal evidence. The ALJ did not err in discounting Plaintiff's subjective complaints.

## VI.  CONCLUSION

For the reasons set forth above **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) be DENIED, the Commissioner's cross-motion for summary judgment (ECF No. 15) be GRANTED. The Clerk of the Court shall enter judgment in favor of Defendant and close the case.

DATED: April 4, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE